RE: DUAL OFFICE HOLDING QUESTIONS
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF FEBRUARY 23, 1989, ASKING FOR THE ISSUANCE OF A FORMAL OPINION ADDRESSING CERTAIN DUAL OFFICE HOLDING CONCERNS THAT YOU RAISE RELATIVE TO A PERSON WHO WOULD DESIRE TO HOLD BOTH THE POSITION OF DEPUTY COUNTY SHERIFF AND THE POST OF A LOCAL SCHOOL BOARD MEMBER. AS THE LAW IN THIS AREA IS RELATIVELY CLEAR, THE ATTORNEY GENERAL HAS AUTHORIZED ME TO REPLY TO YOU WITH THIS INFORMATIONAL LETTER.
TITLE 51 O.S. 6 (1988) CONTAINS OKLAHOMA'S GENERAL LAW RESTRICTING DUAL OFFICE HOLDING IN THE STATE. EXCEPT AS SPECIFICALLY PROVIDED BY LAW IN SECTION 6 OR ELSEWHERE, DUAL OFFICE HOLDING IS PROHIBITED. THERE ARE NO APPLICABLE EXCEPTIONS TO THE GENERAL RULE WITH REFERENCE TO SERVICE AS A DEPUTY SHERIFF AND AS A SCHOOL BOARD MEMBER.
IN ATTORNEY GENERAL OPINION NO. 77-155, IT WAS ADVISED THAT A DEPUTY SHERIFF IS A PUBLIC OFFICER SUBJECT TO THE RESTRICTION OF SECTION 6. IN ATTORNEY GENERAL OPINION NOS. 72-127, 83-141, AND 83-220, IT WAS RECOGNIZED THAT MEMBERS OF LOCAL SCHOOL BOARDS ARE PUBLIC OFFICERS. WHEN A PUBLIC OFFICER VIOLATES THE RESTRICTIONS OF THIS LAW, THE OFFICER AUTOMATICALLY LOSES THE FIRST OFFICE HELD, AND ONLY ACTS IN THE CAPACITY OF THE SECOND OFFICE. FOR EXAMPLE, IF A MEMBER OF A LOCAL SCHOOL BOARD WERE TO BE SWORN IN AS A DEPUTY SHERIFF AT SOME POINT AFTER HE OR SHE HAD ASSUMED THE SCHOOL BOARD POST, THAT PERSON WOULD AUTOMATICALLY VACATE THE SCHOOL BOARD POST AT THE INSTANT THAT HE OR SHE BECAME A DEPUTY SHERIFF. A.G. OPIN. NO. 72-127. ANY ACTIONS OF SUCH A PERSON AS A SCHOOL BOARD MEMBER AFTER THE DATE OF THE AUTOMATIC VACATION OF OFFICE ARE VALID ACTIONS (SUCH AS VOTES). ID. THE SCHOOL BOARD, OF COURSE, HAS A STATUTORY DUTY TO APPOINT A SUCCESSOR WITHIN A CERTAIN TIME.
(MICHAEL SCOTT FERN)